Michael MATHIS, Plaintiff,

v.

The BOEING COMPANY and the International Association of Machinists and Aerospace Workers, AFL–CIO, Defendants.

No. C86–483M.

United States District Court,
W.D. Washington,
at Seattle.

June 2, 1987.

Supplemental Order July 28, 1987.

Michael T. Mathis, pro se.

Russell L. Perisho, Timothy J. O'Connell, Perkins Coie, Seattle, Wash., for Boeing Co.

Hugh Hafer, Hafer, Price, Rinehart & Schwerin, Seattle, Wash., for Intern. Ass'n of Machinists and Aerospace Workers.

## ORDER ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

McGOVERN, Chief Judge.

THIS MATTER comes before the Court on cross motions for summary judgment. In addition, Plaintiff has asked for the Court's leave to amend his complaint to include an additional defendant.

### BACKGROUND

In August 1985, the Security Office for the Boeing plant in Everett, Washington received information that Boeing employees were consuming alcohol and drugs during their lunch break at a restaurant and bar (the "Overtime Inn") located directly across the street from Boeing property. Boeing security investigators began surveillance of the Overtime Inn from adjacent property and observed several people gathered in the parking lot whom they believed to be Boeing employees. From their observations, the investigators concluded that these individuals were smoking marijuana. One of them, Michael Mathis, is the plaintiff herein.

On August 29, 1985, the suspect employees were individually detained by security personnel as they returned to Boeing after their lunch break. Each employee was interviewed separately and asked to make a statement concerning the usage of drugs and alcohol at the Overtime Inn. Mathis signed a document (handwritten by a Boeing security investigator) admitting he smoked marijuana during his lunch period just prior to returning to work on at least two occasions. Howard Conine, a fellow employee, identified Mathis as a person who had smoked marijuana on several different occasions during lunch breaks.

Based on the results of the investigation, Mathis was discharged. Thereafter, he filed a grievance with District Lodge 751 of the International Association of Machinists and Aerospace Workers, AFL–CIO ("Local 751"). Mathis also asked the National Labor Relations Board (the "NRLB") to issue a complaint pursuant to Section 8 of the National Labor Relations Act. On December 13, 1985, the NLRB advised Mathis

that it was taking no action. Similarly, Local 751 advised Mathis on February 11, 1986, of its decision not to pursue arbitration on his behalf.

On March 21, 1986, Mathis filed a complaint with the Superior Court for Snohomish County. Named as defendants were (1) Boeing and (2) the International Association of Machinists and Aerospace Workers, AFL–CIO ("IAM"). Plaintiff's claims can be summarized as follows:

1. Against Boeing—
   (a) breach of the collective bargaining agreement;
   (b) defamation; and
   (c) false imprisonment.
2. Against IAM—breach of its duty of fair representation.

The matter was removed to this Court on April 17, 1986. Both Boeing and Mathis have filed motions for summary judgment.

On April 1, 1987, IAM was dismissed from this lawsuit due to Plaintiff's failure to effect service of process within 120 days as required by Fed.R.Civ.P. 4(j). Mathis presently has a motion to amend his complaint to add IAM as a party. Solely for the purpose of the discussion to follow, the Court will discuss IAM as if it were still a party to this action.

### ARGUMENT

The parties' respective positions are summarized below, followed by the Court's analysis.

## I. Boeing's Argument

### A. *Breach of Collective Bargaining Agreement*

Boeing contends Mathis cannot bring this action because he failed to exhaust his contractual remedies, i.e., arbitration. According to Boeing, the failure to arbitrate can be excused only if Mathis shows that (1) the Union breached its duty of fair representation, and (2) Boeing breached the parties' collective bargaining agreement. Boeing asserts that Local 751's decision not to proceed to arbitration was made only after a full investigation by union representatives. Further, the decision not to proceed

with arbitration was reasonable because a panel arbitrator had recently determined that Boeing acted within its authority under the same collective bargaining agreement when it dismissed two employees at its Portland facility for smoking marijuana during their lunch break.

With respect to its own actions, Boeing asserts that it had ample cause for terminating Mathis. These reasons include: (1) observations made by its security investigators, (2) Mathis' own admission, (3) statements made by co-workers, and (4) surveillance photographs. Boeing contends it follows a uniform policy of dismissing employees for smoking marijuana during lunch breaks and that this policy is well publicized to members of the union.

### B. *State Law Claims*

Boeing argues that Mathis' state law claims are "inextricably intertwined" with the interpretation and enforcement of the collective bargaining agreement, thus, they are preempted by Section 301 of the Labor Management Relations Act. See *Truex v Garrett Freightlines, Inc.,* 784 F.2d 1347 (9th Cir.1985). Boeing analyzes Mathis' state law claims as follows:

1. False imprisonment—The collective bargaining agreement expressly recognizes the Company's right to conduct security interviews. Because the facts relied upon by Mathis are the same facts that would give rise to a grievance under the collective bargaining agreement, Mathis' claim is preempted by federal law. Further, Mathis fails to state a cause of action because he has never alleged that he was *physically restrained,* an essential element of the tort under Washington law. According to Boeing, Mathis was free to leave at any time by voluntarily terminating his employment.

2. Defamation—Boeing claims it is protected by an absolute privilege—truth. Also, Boeing asserts that there was no publication; the only communication was among Company supervisory employees.

## II. Mathis' Argument

### A. *Plaintiff's Motion for Summary Judgment*

Mathis contends he is entitled to summary judgment because there is no evidence that he was terminated "for cause." Company rules prohibit (1) the possession or usage of drugs on company premises, or (2) entering company premises while "under the influence" of drugs. Mathis claims there is no evidence that he was "under the influence" of marijuana, e.g., no drug screening tests were conducted. Also, Mathis contends there was no *actual* notice of the company rules. Finally, Mathis states that company representatives implied during his interview that he would not be discharged if he cooperated. He reasons that this forms the basis for promissory estoppel.

Further, Mathis contends Boeing has offered no evidence that he actually smoked marijuana. He says the observations made by security personnel were made at a distance that only permitted investigators to *speculate* as to what was going on. According to Mathis, the statement by a co-worker regarding his use of marijuana is "untested hearsay." Mathis alleges he was not permitted to read his own statement before he was "required" to sign it. Also, Mathis contends he never received actual notice of Boeing's policy regarding marijuana usage during lunch breaks.

Finally, Mathis believes it relevant that an administrative law judge found that he had not violated Boeing's drug policy for the purpose of establishing "misconduct" sufficient to affect his eligibility for unemployment compensation.[1]

### B. *Wrongful Discharge—IAM's Culpability*

Mathis contends that IAM failed to pursue his grievance in a timely fashion. He argues that the Union's failure to appeal the arbitrator's decision in the prior case (from Boeing's Portland, Oregon facility)

amounts to a breach of the Union's duty of fair representation.

### C. *State Law Claims*

Mathis lists numerous reasons why federal preemption does not apply.

## ANALYSIS

### I. Claims Against the Union

■■■ To establish the breach of a union's duty of fair representation, an employee must show that the union's conduct was arbitrary, discriminatory, or in bad faith. *Galindo v. Stoody Co.*, 793 F.2d 1502 (9th Cir.1986). Conduct is arbitrary only if it is without a rational basis, i.e., the omission must be egregious, unfair, and unrelated to legitimate union interests. *Johnson v. United States Postal Service*, 756 F.2d 1461 (9th Cir.1985). Good faith, non-discriminatory errors of judgment regarding the processing of a grievance do not constitute a breach of the union's duty of fair representation. *Peterson v. Kennedy*, 771 F.2d 1244 (9th Cir.1985). Further, a union's decision not to pursue a particular grievance is given substantial deference. *Id.* Here, IAM and Boeing have submitted affidavits showing that Local 751 took the following steps to investigate Plaintiff's grievance:

(1) it interviewed Mathis;

(2) it reviewed Boeing's records, including photographic evidence, concerning the incident;

(3) it reviewed Plaintiff's written statement admitting that he smoked marijuana during his lunch hour;

(4) it reviewed statements made by a co-worker implicating Mathis in marijuana usage during lunch breaks;

(5) it reviewed a recent decision made by one of three permanent panel arbitrators upholding Boeing's discharge of an employee under substantially similar circumstances.

If unrebutted, the evidence outlined above is sufficient to entitle Defendants to

---

1. The Court notes, however, that the ALJ found that Mathis did violate the general standard of

conduct stated in Boeing's rules and upheld the denial of benefits.

judgment as a matter of law. Thus, Defendants have met their initial burden of showing the absence of a material and triable issue of fact. After doing so, the burden shifts to Mathis to "present significant probative evidence tending to support [his] claim or defense." *Richards v. Nielsen Freight Lines*, 810 F.2d 898, 902 (9th Cir.1987). Plaintiff's only offering to refute the above-described evidence is Mathis' own conclusory statement that the union failed to investigate his grievance in a "timely" fashion and delayed "many months" before refusing to arbitrate. This is not significant probative evidence. Accordingly, Mathis' claim against the Union cannot stand.

## II. Claims Against Boeing

### A. *Breach of the Collective Bargaining Agreement*

■ Under the parties' collective bargaining agreement, Local 751 holds the sole power to invoke the higher stages of the grievance procedure (e.g., arbitration). When the union refuses to proceed to arbitration, an individual employee may obtain judicial review of his breach of contract claim only if he can demonstrate that the union *wrongfully* refused to process his grievance. *Hines v. Anchor Motor Freight, Inc.*, 424 U.S. 554, 96 S.Ct. 1048, 47 L.Ed.2d 231 (1976); *Vaca v. Sipes*, 386 U.S. 171, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967). Here, Boeing and IAM have established, for the purposes of summary judgment, that Local 751 did *not* breach its duty of fair representation. Accordingly, as a matter of law, Mathis cannot sustain any cause of action for a claim arising out of a breach of the collective bargaining agreement.

### B. *State Law Claims*

#### 1. Defamation

■ Boeing has offered affidavits from (1) Sherman Olson, Mathis' direct supervisor at the Everett plant and (2) Joseph Wise, the corporate labor relations manager for Boeing. Olson states that he has not discussed the reasons for Mathis' termination with anyone, other than attorneys for Boeing. Wise states that after an employee is terminated, it is Boeing policy to withhold all information from prospective employers, or others, except for the dates of employment and the job classification held. Wise states that to the best of his knowledge that policy has been followed in this case.

Mathis has offered argument, but no specific evidence to rebut the testimony offered by Boeing. Because Mathis has failed to show the existence of a genuine issue of material fact, Boeing is entitled to summary judgment with respect to the defamation claim. *Richards v. Nielsen Freight Lines, supra.*

#### 2. False Imprisonment

■ The parties have spent much effort discussing the effect of federal preemption on the state law claims. A state law claim which is "inextricably intertwined" with the interpretation or enforcement of a collective bargaining agreement is preempted by Section 301 of the LMRA. *Truex v. Garrett Freightlines, supra.* Boeing argues that Mathis' claim for false imprisonment is preempted because the collective bargaining agreement expressly recognizes Boeing's right to conduct security interviews, thus, the claim arises under facts that would support a grievance under Section 301.

■ Boeing's statement of the law is correct, but its application of law to facts is faulty. The collective bargaining agreement does not purport to give Boeing the right to forcibly detain employees for substantial periods of time against their will. Thus, this is not a matter "extricably intertwined" with the enforcement of the collective bargaining agreement.

Here, Mathis claims he was detained by Boeing security for approximately four and one half hours. During this time, he "tried to leave on several occasions, but was forcibly detained." Affidavit of Mathis, p. 2. Boeing admits that Mathis expressed a desire to leave, but was persuaded to stay of his own volition. Viewing the facts in a light most favorable to Mathis, as the Court must do, there is a genuine issue of material fact concerning the nature of his detention that precludes summary judgment.

## CONCLUSIONS

For the reasons set forth above, Boeing's request for summary judgment with respect to Mathis' claim for (1) breach of the collective bargaining agreement and (2) defamation is hereby GRANTED. Boeing's request for summary judgment on Plaintiff's claim for false imprisonment is DENIED. Because IAM would be entitled to summary judgment, Mathis' request to amend his complaint to add IAM as a party defendant is DENIED.

## SUPPLEMENTAL ORDER

By Order dated April 1, 1987, this Court granted the motion of the International Association of Machinists and Aerospace Workers, AFL–CIO, ("IAM") to dismiss them as a party defendant in the above-captioned lawsuit. In the body of the order, the Court inadvertently referred to IAM as the "International Brotherhood of Electrical Workers." Accordingly, the order of April 1, 1987 is hereby amended to reflect the defendant's proper name.

It is so ORDERED.